United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO A. MERINO,

    Petitioner,

v.

CRAIG KOENIG, Warden,

    Respondent.

Case No. 18-cv-03649-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his rights were violated when the prison did not allow him to review his Record of Arrest and Prosecution ("RAP") sheet before his 2017 parole hearing. Dkt. 1 at 5.[1] Petitioner also claims he received ineffective assistance of counsel at his parole hearing. *Id.* The Court issued an order to show cause on August 9, 2018. Dkt. 4.

Before the Court is Respondent's motion to dismiss the instant petition on the grounds that that Petitioner's claims fail to invoke federal habeas jurisdiction. Dkt. 7. Specifically, Respondent argues that habeas corpus is not the proper remedy for Petitioner's claims because: (1) Petitioner has not shown that success in this action will necessarily accelerate his release on parole; and (2) federal habeas relief is not available for matters of state law. Petitioner has filed an opposition to the motion, Respondent has filed a reply, and Petitioner has filed an unsolicited sur-reply. Dkts. 8, 9, 10.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

## II. BACKGROUND

In 2004, Petitioner was sentenced to an indeterminate sentence of fifteen years to life with the possibility of parole. Dkt. 1 at 1. In his petition, Petitioner challenges the denial of parole at

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

his 2017 parole hearing. *Id.* at 5. As mentioned above, Petitioner alleges that he was improperly denied parole because prison officials failed to provide him the opportunity to review his RAP sheet prior to the hearing. *Id.* He also claims that his counsel at his parole hearing rendered ineffective assistance for failing to object when the Board questioned Petitioner about his RAP sheet. *Id.*

Petitioner presented the first of the two aforementioned claims in a state habeas petition filed in the state superior court. *Id.* at 9. The state superior court dismissed the petition on November 29, 2017 in a two-page reasoned opinion, stating as follows:

> After reviewing the record, the court finds that the Board of Parole Hearings properly denied petitioner parole based on consideration of statutory factors, and that the accuracy of information on petitioner's RAP sheet played no role in the decision. (See Cal. Code Regs., tit. 15, §2402 [setting forth the factors the Board must consider]; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 677 [clarifying that while the Board must give consideration to enumerated factors, "the precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of Board."].) After describing the conduct forming the basis for the life crime, which involved oral copulation with a four-year old child, the Board stated that its decision to deny parole was based primarily on petitioner's lack of insight, noting that "you still . . . have not come to terms with that crime and . . . have not addressed why that occurred." This lack of insight, coupled with the lack of an adequate alcoholism relapse prevention plan, caused the Board concern regarding petitioner's risk of violent recidivism. Further the Board explicitly stated that "[t]here's nothing in your confidential file that the Panel . . . was able to consider."

*Id.* at 9-10. Petitioner then filed a state habeas petition in the state appellate court, which was denied on January 24, 2018 without comment. *Id.* at 8. Finally, Petitioner filed a state habeas petition in the state supreme court, which was denied on May 23, 2018 without comment. *Id.* at 7.

Thereafter, on June 19, 2018, Petitioner filed the present federal habeas petition.

## III. DISCUSSION

Respondent argues that the petition must be dismissed as Petitioner's claims do not properly invoke federal habeas jurisdiction. Dkt. 7 at 1. Respondent asserts that Petitioner's claims "do not affect the fact or duration of his confinement, and federal habeas relief is not available for matters of state law." *Id.* In opposition, Petitioner argues that federal habeas jurisdiction is proper. Dkt. 8. Specifically, Petitioner asserts that he would be entitled to early

2

release if he succeeds on his claims because the inmate in *In re Olson*, 37 Cal. App. 3d 783 (1974)[2] was released from prison at some unknown point. *Id.* at 2. In *Olson*, the state appellate court found inmates had a right to review the nonconfidential section of their central prison file. *Id.* at 790. The court did not order inmate Olson's release, but rather ordered the prison to allow Olson and other inmates to review the nonconfidential documents. *Id.* In the reply, Respondent argues that *In re* Olson is distinguishable from the instant matter, stating as follows: ". . . the fact that the inmate in Olson may have been released from prison at some point after the state court's decision is irrelevant in assessing [Petitioner's] claim." Dkt. 9 at 2. Respondent further points out that Petitioner "has not alleged or shown that, if he were allowed to view his RAP sheet before his parole hearing or had his counsel objected to consideration of the RAP sheet, he would be entitled to earlier release from confinement." *Id.* (citing *Nettles v. Grounds*, 830 F.3d 922, 935 (2016) (en banc) (holding federal habeas relief is only available for claims, that if successful, will "necessarily lead to [the inmate's] immediate or earlier release from confinement")). Therefore, Respondent argues that Petitioner's claims fail to invoke federal habeas jurisdiction. *Id.*

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under [section] 1983." *Id.* The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *See id.*

---

[2] State law provides a means for a prisoner to access his central and medical files through standard prison procedures. *See In re Olson*, 37 Cal. App. 3d at 790.

3

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under [section] 1983.'" *Id.* In fact, a section 1983 action is the exclusive remedy for claims by state prisoners that do not lie at the "'core of habeas corpus.'" *Nettles*, 830 F.3d at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a [section] 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Here, Petitioner fails to allege or show that he would have been entitled to earlier release from confinement if he were allowed to review his RAP sheet before his parole hearing. As mentioned above, the state superior court found the "accuracy of information on [his] RAP sheet played no role" in the Board's denial of parole, and instead it found that the Board "properly denied" Petitioner parole based on consideration of other statutory factors. Dkt. 7 at 9. Similarly, even if Petitioner were entitled to relief on his ineffective assistance of counsel claim and provided a new hearing, he would not necessarily receive earlier release from confinement given that the Board denied him parole based on other statutory factors. Therefore, success on Petitioner's claims would not "necessarily shorten" his sentence, *see Ramirez*, 334 F.3d at 859, and federal habeas jurisdiction is absent.

Furthermore, as mentioned above, Respondent argues that "[t]he Court should dismiss the Petition because [Petitioner] alleges only state law violations." Dkt. 7 at 3. This Court agrees. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under section 2254(a) "only on the basis of some transgression of *federal law* binding on the state

4

courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986) (emphasis added). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119. It is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." *Middleton*, 768 F.2d at 1085. It also is unavailable for alleged error in the state post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

Here, in his first claim, Petitioner alleges that his state-created right to an *Olson* review of the nonconfidential documents in his central file was violated when the prison would not allow him to review his RAP sheet before his 2017 parole hearing. Dkt. 1 at 5; *see* Cal. Code Regs. tit. 15, § 2247 ("A prisoner is entitled to review nonconfidential documents in the department central file."). Petitioner fails to allege a cognizable federal question because he seeks relief based on violations of state law. *See Estelle*, 502 U.S. at 67-68; *see also Engle*, 456 U.S. at 119. The Court finds unavailing Petitioner's argument that the prison's misapplication of state law violated his due process rights because such an argument does not "transform [this] state-law issue into a federal one." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). The Court points out that Petitioner does not have a federal due process right to review his RAP sheet before his parole hearing. In the parole context, Petitioner's due process rights at any future parole suitability hearing are met when he is provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. *See* Cal. Penal Code § 3041.5(a)(2); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). If Petitioner receives adequate process at his future parole suitability hearings, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 220-21 (2011) (holding that "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement

5

of the reasons why parole was denied).

Similarly, in his second claim, Respondent argues that Petitioner attempts to turn his state law claim into a federal one by alleging he received ineffective assistance of counsel during his parole hearing because his counsel did not object to Petitioner being questioned about his criminal history, without having first reviewed his RAP sheet. Dkt 7 at 4 (citing Dkt. 1 at 5). However, no federal law exists that entitles inmates to counsel at parole consideration hearings. *See* Greenholtz, 442 U.S. at 16. Indeed, the Ninth Circuit has held due process does not entitle state prisoners the right to counsel at hearings to grant or deny parole. *See Dorado v. Kerr*, 454 F.2d 892, 896-97 (9th Cir. 1972). Consequently, petitioners appearing at parole hearings, like Petitioner here, cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Coleman v. Thompson*, 501 U.S 722, 752 (1991) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Therefore, the Court finds that Petitioner's second claim also fails to allege a federal question.

Accordingly, the Court GRANTS Respondent's motion to dismiss, and the petition is DISMISSED for lack of federal habeas jurisdiction and for failure to state a federal question.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss. Dkt. 7. The petition is DISMISSED for lack of federal habeas jurisdiction and for failure to state a federal question. Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: May 9, 2019

YVONNE GONZALEZ ROGERS
United States District Judge

6